**SO ORDERED.**

**SIGNED this 16th day of November, 2006.**

_____
**LARRY E. KELLY
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| IN RE: | § | |
|---|---|---|
| | § | |
| **MORICE L. PORTER,** | § | **CASE NO. 06-30198-LEK** |
| | § | |
| Debtor. | § | **Chapter 7** |

**ORDER GRANTING
DEBTOR'S APPLICATION FOR WAIVER OF CHAPTER 7 RE-OPENING CASE FEE**

This Chapter 7 case was filed pro se by the Debtor on March 6, 2006, and was closed on September 28, 2006, without the entry of a discharge due to the Debtor's failure to file an Official Form 23 "Certification of Completion of Instructional Course Concerning Personal Financial Management." On October 18, 2006, the Debtor through counsel (representing her pro bono) filed a motion to reopen the case in order that the Certification could be filed and a discharge entered. Along with the motion to reopen, Debtor's counsel filed an Application for Waiver of Chapter 7 Re-Opening Case Fee (the "Application").

Section 418 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), amended 28 U.S.C. § 1930 (effective as of October 17, 2005) to allow the court to waive certain fees in connection with Chapter 7 cases. For example, § 1930(f)(1) now expressly permits Chapter 7 debtors to be granted *in forma pauperis* status and have their filing fee for

commencing the case waived.[1] However, because the fee to *reopen* a Chapter 7 case is by definition not "payable upon the commencement of a case under chapter 7 case," the court finds that subsection (f)(1) does not apply to the Debtor's Application in this case.

BAPCPA also added subsections (f)(2) and (3) to § 1930. They provide:

(2) The district court or the bankruptcy court may waive for such debtors other

---

[1] Section 1930(f)(1) now provides:
(1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

The Interim Rules promulgated to implement the changes of the BAPCPA, which were adopted by this court pursuant to Standing Order, include Rule 1006(c) which provides that "[a] voluntary chapter 7 petition filed by an individual shall be accepted for filing if accompanied by the debtor's application requesting a waiver under 28 U.S.C. § 1930(f), prepared as prescribed by the appropriate Official Form." By another Standing Order, signed on November 8, 2005, this court adopted the Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "*In Forma Pauperis* Procedures" or the "Procedures"). In so doing, this court adopted Official Form 3B that is an application for waiver of a Chapter 7 filing fee. The Form requires the applicant to either attach Schedules A and B or answer the questions listed therein about their assets. The Application in this case does not conform to Official Form 3B.

However, § 1930(f)(1) (and, it follows, the *In Forma Pauperis* Procedures, and Official Form 3B), by its express terms, applies only to the "filing fee required by [§ 1930(a)], or any other fee prescribed by the Judicial Conference under [§ 1930(b) or (c)] that is payable to the clerk *upon the commencement of a case* under chapter 7." (Emphasis added.)

Subsection (c) of § 1930 applies to appeals and, therefore, clearly does not pertain to fees that are "payable upon the commencement of a case under chapter 7."

Subsection (b), on the other hand, provides that "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title." The Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule, adopted pursuant to § 1930(b), refers to numerous fees and charges, some of which *are* payable upon the commencement of a Chapter 7 case. *See e.g.,* Bankruptcy Court Miscellaneous Fee Schedule, Items 8, 9 ("[i]n all cases filed under title 11, the clerk shall collect from the debtor or the petitioner a miscellaneous administrative fee of $39"and "[u]pon the filing of a petition under chapter 7 of the Bankruptcy Code, the petitioner shall pay $15 to the clerk of the court for payment to trustees serving in cases as provided in 11 U.S.C. § 330(b)(2)"). The Schedule also provides for a fee of $220 to reopen a Chapter 7 case. *See* Appendix to Bankruptcy Court Miscellaneous Fee Schedule, Item 11 (effective 4/9/2006). The fee to *reopen* a Chapter 7 case is therefore clearly a "fee prescribed by the Judicial Conference under subsections (b) and (c)." However, as stated above, this court finds that it is *not* "payable upon the commencement of a case under chapter 7 case" as § 1930(f)(1) requires.

>fees prescribed under subsections (b) and (c).
>
>(3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

The Bankruptcy Court Miscellaneous Fee Schedule requires a fee of $220 to reopen a Chapter 7 case, but expressly provides an exception that exempts the debtor from having to pay the fee when "the reopening is to correct an administrative error or for actions related to the debtor's discharge" and which also allows the court to waive the fee "under appropriate circumstances . . .."

In this case, the Debtor seeks to reopen the case for the purpose of filing a certification of completion of the instructional course in personal financial management (the "Certificate"), and thereby obtain her discharge.[2] Arguably, this reopening is "for [an] action[ ] related to the debtor's discharge" so that the exemption to the requirement of a filing fee might apply. However, if that were the case, the exemption would apply in *all* instances where a debtor fails to timely file his or her Certificate. Because it is not necessary in light of the court's ruling below, and because the Debtor in this case has not expressly made this argument, the court declines to address this issue at this point.

The court does find that "appropriate circumstances" exist in this case to warrant waiver of the fee to reopen. In particular, the court holds that the factors relevant to a determination of *in forma pauperis* status under subsection (f)(1) of § 1930–that a debtor show that his or her income does not exceed a certain level and that he or she is unable to pay the filing fee in installments, as well as the requirements of the Procedures and Official Form 3B–while not *per se* applicable, *are* relevant and *may be* considered by the court in deciding whether to waive a reopening fee under subsection (f)(2) and/or (f)(3) of § 1930(f).

Under § 1930(f)(1), to be eligible for a waiver of the filing fee, a debtor must show that

---

[2] Since BAPCPA, cases are routinely closed without the entry of a discharge if a debtor does not timely file his or her "Certificate." *See* Interim Rule 4004(c)(1)(H) ("In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless . . . the debtor has not field with the court a statement regarding completion of a course in personal financial management as required by Rule 1007(b)(7)."); Committee Note to Interim Rule 4004 ("If a debtor fails to file the required statement regarding a personal financial management course, the clerk will close the bankruptcy case without the entry of a discharge.").

he or she has "income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and [are] unable to pay that fee in installments." The Procedures

> interpret this statutory language to refer to the poverty guidelines updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2). The phrase "income official poverty line as defined by the Office of Management and Budget" refers to the poverty thresholds set by the Census Bureau. OMB has never issued poverty thresholds or guidelines, but in August 1969, the Bureau of the Budget (the predecessor of OMB) did issue a document designating the Census Bureau poverty thresholds as the federal government's official statistical definition of poverty. Section 673(2) of the Omnibus Budget Reconciliation Act of 1981 (codified in 42 U.S.C. § 9902(2)) requires the Secretary of Health and Human Services to update the poverty guidelines annually. The thresholds are mentioned in that legislative section because they are the starting point from which the poverty guidelines are calculated. The Bureau of Census poverty thresholds are typically used for statistical purposes whereas the DHHS poverty guidelines are used administratively to determine program eligibility.

*In Forma Pauperis* Procedures, Para. II.A.1, n.2.

The current figures for the monthly income levels that are 150% of the official poverty guidelines are published at http://www.uscourts.gov/bankruptcycourts/resources.html. According to those figures, for 2006 in Texas, 150% of the official poverty level for a single person (the Debtor in this case is divorced and lists no dependents) was monthly income of $1,225.00. The Debtor in this case lists combined monthly income (Line 16 of Schedule I) of only $690.00. Therefore, the court finds, she satisfies the first prong of the test for qualifying for a waiver of the filing fee–i.e., she has "income less than 150 percent of the income official poverty line."

Under § 1930(f)(1), a debtor must *also* show that he or she is unable to pay the filing fee in installments. The fee to reopen a Chapter 7 case is currently $220.00. *See* Appendix to 28 U.S.C.A. § 1930. The Procedures state that "the bankruptcy court should consider the totality of the circumstances in determining whether the debtor is unable to pay the fee in installments." *In Forma Pauperis* Procedures, Para. II.A.5. The Debtor in her Schedule J shows monthly expenses of $841.50, as compared to her monthly income of $690.00. She lists no cash or bank accounts, and *de minimus* other assets, all of which are exemptible. The Trustee has already determined that there are no non-exempt assets for creditors. The court therefore finds, based on

the totality of the circumstances as reflected by this information, that the Debtor is unable to pay the fee required to reopen this case, in installments.

IT IS, THEREFORE, ORDERED that the Debtor's Application for Waiver of Chapter 7 Re-Opening Case Fee shall be, and hereby is, GRANTED and the fee to reopen this is hereby WAIVED.

# # #